Per Curiam.
The proceeding for the accounting of the administrator, which was instituted in 1881, was still pending when he filed his petition. It recognizes its pendency by asking the court to overrule or to dismiss the objections then filed. Upon the coming in of’ the next of kin and persons interested in the estate, who had been cited at the request of the petitioner, and it then appearing to the surrogate that the objections formerly made were still insisted upon; that still further objections were made, having relation to matters since occurring, and that there were facts militating strongly against the good faith and conduct of the administrator in connection with his accounting, and in his relations with his brothers and sisters, it was eminently proper for the surrogate, in the exercise of his judicial discretion in the matter, to refuse to discharge the administrator in the summary manner prayed for, and to permit the filing of the answer by the next of kin, and a hearing upon the issues made by the denial and charges contained therein. The exercise of his discretion was warranted by the Code, which invests him with the broad jurisdiction to direct and control the conduct and settle the accounts of executors or administrators, and to administer justice in all matters relating to the affairs of decedents. Section 2472. The order was in no sense final, but one made in the proceeding, and which regulated the procedure. It required the hearing of proofs on the issues presented, and was interlocutory in its nature. The review of such a discretionary order stopped with the action of the general term, and we will not consider an appeal therefrom.
The appeal should be dismissed, with costs against the appellant personally.
All concur, except Fence, J., not sitting.